IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL S. GARCIA,

       Plaintiff,

vs.                                     Civ. No. 98-684 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed April 6, 1999. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to coronary artery disease; an inability to bend, kneel or squat; dizziness; headaches; leg and back pain; and hypertension.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v.*

1

*Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.*

(citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1)

the ALJ did not support with substantial evidence his determination that Plaintiff has a residual

functional capacity (RFC) for the full range of light work[1] and so erred in mechanically applying

the medical-vocational guidelines (grids) at step five of the sequential evaluation process; 2) the

ALJ erred by not obtaining vocational expert (VE) testimony to make his step five determination;

and 3) the ALJ failed to make a proper credibility determination by considering the entire record.[2]

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental

impairment expected to result in death or last for a continuous period of twelve months which

prevents the claimant from engaging in substantial gainful activity." *Id*. at 1486 (citing 42 U.S.C.

§423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential

evaluation process. *Id*. The sequential evaluation process ends if at any step the Commissioner

finds that the claimant is disabled or not disabled. *Id*. (citations omitted).

---

[1]Light work requires standing or walking for six hours out of an eight hour workday, lifting no more than twenty pounds at a time, and frequent carrying of objects weighing up to ten pounds at a time. *See* 20 C. F. R. § 404.1567( b), § 416.967( b). A job is also in this category when it requires "sitting most of the time with some pushing and pulling of arm or leg controls." *Id*.

[2]The Commissioner raises in his response the issue of the Plaintiff's noncompliance with doctors' instructions to exercise and cease drinking and smoking. This issue does not directly address the Plaintiff's arguments about ability to do light work and the ALJ's alleged failure to consider the entire record in making his credibility determination. Rather, I believe the noncompliance issue is a red herring, especially considering the Plaintiff's testimony at the administrative hearing that he has significantly reduced his drinking and smoking and has occasionally lost weight. *See* Tr. 280, 283-84.

6.  The first four steps of the sequential evaluation process are not at issue in this case.  At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work.  *Id.*  at 1487 (citations omitted).  The grids are used at this step to determine whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2. The grids reflect the existence of jobs in the national economy at various RFC levels by incorporating administrative notice of occupational publications and studies.  20 C.F.R. §§404.1566(d); 416.966(d).  This aids the Commissioner in determining what specific job types in the national economy the claimant can perform.  The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).

7.  The Plaintiff argues first that the ALJ erred by not supporting with substantial evidence his finding that the Plaintiff can perform the full range of light work.  The Plaintiff contends that his standing, walking, bending, stooping, and kneeling restrictions as well as angina (chest pain) prevent him from performing the full range of light work.  Consequently, if the Plaintiff cannot perform the full range of light work, the Plaintiff argues that the ALJ should not have applied the grids in a mechanical fashion.  "In summary, an ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level."  *Thompson*, 987 F.2d at 1488.  If there are both exertional and nonexertional limitations, the ALJ uses the grids to determine first if the claimant is disabled due to the exertional impairment alone.  *Id*. at 1492.   If the claimant is not found disabled based on the exertional impairment, then the ALJ uses the grids only as a framework for

determining whether the claimant is disabled.  *Id.*  In that case, the ALJ must determine how much a claimant's work ability is further diminished by the nonexertional limitations.  *Id.*  If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including VE testimony if necessary, in determining whether the claimant is disabled.  *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

8.  In this instance, the ALJ specifically found that the Plaintiff has lumbar back pain which causes "significant vocationally relevant limitations."  Tr. 27.  In fact, there is a medical note which states that the Plaintiff "has a relatively low pain threshold."  Tr. 143.  Another medical note states that the Plaintiff "is disabled from an accident to his back several years ago in another locale."  Tr. 178.  Dr. Allison, the Plaintiff's treating physician, further stated that since the Plaintiff "has had a back injury and has other musculoskeletal deformities it is very unlikely that he will be able to do any type of physical work on a consistent basis.  This would also be interfered with by his cardiac status.  To me there is no reason why [Plaintiff ] could not do non-physical work."  Tr. 255.  The above evidence constitutes substantial evidence that the Plaintiff has significant nonexertional limitations that prevent him from performing the full range of light work.  Therefore, I find that the ALJ erred by mechanically relying on the grids to make his step five determination of not disabled.  Accordingly, this matter should be remanded so that the ALJ can properly use the grids only as a framework and determine how much the Plaintiff's work ability is diminished by the nonexertional impairments.  Only if that nonexertional impairment is significant enough to further reduce the Plaintiff's work capacity may the ALJ obtain VE testimony.

9. The Plaintiff also argues that the ALJ failed to consider the entire record when he made his credibility determination. Specifically, the Plaintiff makes two arguments. First, he argues that the ALJ ignored Dr. Allison's statement quoted *supra* that the Plaintiff cannot engage in physical work. Second, the Plaintiff argues that the ALJ failed to consider the Plaintiff's post-ALJ decision hospitalizations and angioplasty. *See* Tr. 259-75.

10. The ALJ does mention Dr. Allison's statement about limited physical activity in his credibility discussion. Tr. 32. The ALJ noted that Dr. Allison feels that the Plaintiff "could do work not involving strenuous physical activity." *Id*. Actually, Dr. Allison opined that "there is no reason why [Plaintiff] could not do non-physical work." Tr. 255. I believe that the ALJ mischaracterized Dr. Allison's opinion. The ALJ in effect took Dr. Allison's statement to mean that the Plaintiff can do non-strenuous work as opposed to non-physical work. There is a significant difference between those two kinds of work. For instance, light work might be considered non-strenuous but it certainly is not non-physical while sedentary work might be considered both non-strenuous and fairly non-physical. I find that the ALJ committed error in his mischaracterization of Dr. Allison's statement about the Plaintiff's ability to do physical work.

11. The Plaintiff also blames the ALJ for not considering post-ALJ decision evidence of further hospitalizations for cardiac problems. According to a letter by the ALJ, he apparently did consider that evidence and declined to reopen the case. Tr. 8. The Appeals Council also considered the post-ALJ decision evidence of additional hospitalizations. Tr. 12. Plaintiff's argument that the ALJ erred by not considering the later hospitalizations is, therefore, without merit.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse or Remand Administrative

Agency Decision in part. I further recommend remanding this matter to the Commissioner so that

he shall correctly use the grids and properly consider Dr. Allison's statements in making a

credibility determination. Timely objections to the foregoing may be made pursuant to 28 U.S.C.

§636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and

recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such

proposed findings and recommendations. A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and

recommendations. If no objections are filed, no appellate review will be allowed.


_____
Leslie C. Smith
United States Magistrate Judge